**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

TRACY HORSTKOTTER,

        Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

Case No. 2:15–cv–2202–JAD–VCF

**REPORT & RECOMMENDATION**

      Before the court are Horstkotter's Motion for Remand/Reversal, (ECF No. 14) the Commissioner's response and cross-motion to affirm (ECF No. 17), and Horstkotter's reply (ECF No. 19). For the reasons stated below, the court recommends that Horstkotter's motion to remand be granted and the Commissioner's cross-motion to affirm be denied.

**I. STANDARD OF REVIEW**

      Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). The Social Security Act authorizes the District Court to review the Commissioner's final decision denying benefits. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

      The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See*, e.g., *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## II. DISCUSSION

1. <u>The ALJ Erred By Not Considering Dr. Arnow's Opinion</u>

"When an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13.

As part of his RFC analysis, the ALJ discussed the opinions of Drs. Lagstein, Prabhu, Dougan, Yao, and Roldan. (ECF No. 13 at 28) Noticeably absent from the ALJ's discussion is the opinion of Dr. Jon Arnow, a non-treating, non-examining physician. The doctor submitted a residual functional capacity (RFC) assessment. (*Id.* at 71-73) Among other findings, Dr. Arnow recommended that Horstkotter "avoid even moderate exposure" to fumes, odors, dusts, gases, poor ventilation, etc. (*Id.* at 72)

2

The ALJ should have considered Dr. Arnow's opinion regardless of whether he believed it added any new information to Horstkotter's overall medical profile. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence."). The omission of Dr. Arnow's opinion could have been an innocent oversight or a conscious decision to exclude the opinion. The reason for the omission is immaterial. The court's conclusion is the same. The ALJ erred by ignoring Dr. Arnow's opinion. *See Garrison*, 759 F.3d at 1012-13.

The Commissioner cites, *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012), to argue that the ALJ was not required to consider Dr. Arnow's opinion. The ALJ is not required "to discuss every witness's testimony on a[n] individualized, witness-by-witness basis." *Id.* at 1114. "Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Id.* In *Molina*, the Ninth Circuit held that the ALJ erred when she disregarded lay testimony from the claimant's family members without comment. *Id.* at 1115. Subsequent Ninth Circuit opinions have cited to *Molina* when considering the propriety of an ALJ's rejection of lay witness testimony. *Dale v. Colvin*, 823 F.3d 941, 944 (9th Cir. 2016); *Rounds v. Commissioner of Social Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015). The Commissioner however has not cited to an opinion that has extended *Molina* to medical opinions. (ECF No. 17 at 4)  Given the Ninth Circuit's multi-tiered, detailed system for evaluating medical opinions, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), it is doubtful that the ALJ would be permitted to reject Dr. Arnow's opinion for "germane reasons" or conduct analysis by reference. *See Garrison*, 759 F.3d at 1012.

2. <u>The ALJ's Residual Functional Capacity Assessment</u>

"Where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc." SSR 85-15. "Where an individual can tolerate very little noise, dust,

3

etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants, or other potentially damaging conditions." *Id.* "Where the environmental restriction falls between very little and excessive, resolution of the issue will generally require consultation of occupational reference materials or the services of a VS." *Id.*

The ALJ afforded great weight to most of Dr. Dougan's opinion with the exception of the proposed environmental restrictions. (ECF No. 13 at 27)  Dr. Dougan opined that Horstkotter "should avoid moderate exposure to fumes, odors, dust, gases, and poor ventilation." (*Id.*)

The parties agree that the ALJ rejected Dr. Dougan's environmental restrictions. (ECF No. 14 at 4-5); (ECF No. 17 at 4)  The parties disagree over whether the ALJ's reasoning for the rejection was supported by substantial evidence.  The ALJ found "the restriction from moderate exposure to fumes, odors, dust, gases and poor ventilation, even if provided, has little significance or effect on the claimant's ability to perform her past relevant work, as very few job environments involve great amounts of dust, fumes, gases, etc.  SSR 85-15."  (ECF No. 13 at 27)

This reasoning is internally inconsistent.  The ALJ justifies his rejection of the moderate limitation by citing to the standard applicable to a minimal limitation.  Under SSR 85-15, the ALJ could have rejected the moderate limitation via testimony from the vocational expert or through analyzing the Dictionary of Occupational Titles entries for Horstkotter's previous jobs.  He did neither.  The Social Security Rulings are "binding on all components of the Social Security Administration," *Heckler v. Edwards*, 465 U.S. 870, 873 n. 3, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984), and the ALJ errs when he fails to properly apply these rulings.  *See Silveira v. Apfel*, 204 F.3d 1257, 1261 (9th Cir. 2000).

3.      <u>Neither Error was Harmless</u>

If the ALJ's errors were harmless, remand is inappropriate.  *Molina*, 674 F.3d at 1115.  An error is harmless if the error is "inconsequential to the ultimate no disability determination."  *Stout v.*

4

*Commissioner of Social Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). "[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.*

Ninth Circuit precedent does "not quantify the degree of certainty needed to conclude that an ALJ's error was harmless." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). "[W]here the magnitude of an ALJ error is more significant, then the degree of certainty of harmlessness must also be heightened before an error can be determined to be harmless." *Id.* "In other words, the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.*

In *Marsh*, the ALJ's decision did not mention a treating physician or the physician's opinion. *Id.* at 1171. The Ninth Circuit found the ALJ had erred when he failed to consider the opinion, and that the error was not harmless. *Id.* at 1172. The weight given to a treating physician's opinion combined with the physician's determination that the claimant was "pretty much nonfunctional" persuaded the circuit court to hold that the ALJ's error was not harmless. *See id.* at 1173.

As in *Marsh*, the ALJ in this action did not consider a physician's opinion. Dr. Arnow's opinion could have served as the basis for rejecting Dr. Dougan's environmental limitations, *Lester*, 81 F.3d at 832, or it could have bolstered Dr. Dougan's opinion (ECF No. 13 at 62). This court cannot "confidently conclude" that the ALJ would have still rejected Dr. Dougan's environmental restrictions had he considered Dr. Arnow's nearly identical, supporting opinion. *See Stout*, 454 F.3d at 1055-56.

The Commissioner argues that this error should be held harmless as the relevant job descriptions in the Dictionary of Occupational Titles states that Horstkotter could perform her past work without being exposed moderate amounts of irritants. (ECF No. 17 at 6-7) The Commissioner's argument appears to rely on the following entry, found in all three job descriptions: "Atmospheric Cond.: Not Present – Activity or condition does not exist." (*Id.*)

The cited entry is one of dozens of entries listed under the job description. DICOT 372.667-034, 1991 WL 673100. They categorize everything from the visual perception requirements to potential exposure to radiation. *Id.* Relevant to this court's inquiry are entries such as exposure to weather and other environmental conditions. An ALJ could have relied on these other entries or the vocational expert's testimony to determine whether the proposed moderate, environmental restrictions would have precluded Horstkotter from performing past relevant work. SSR 85-15. Given the availability of alternative evidence, this court cannot "confidently conclude" that an ALJ would have reached the same conclusion regarding Horstkotter's ability to perform past relevant work, given her moderate environmental restriction. *See Stout*, 454 F.3d at 1055-56.

### III. Conclusion

The ALJ erred when he failed to consider Dr. Arnow's opinion and when he misapplied Social Security Ruling 85-15. Neither error was harmless.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Horstkotter's Motion for Reversal and/or Remand (ECF No. 14) be GRANTED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 17) be DENIED.

IT IS SO RECOMMENDED.

DATED this 20th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE